**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HENRY HILL, JR.,**

    Petitioner,

                                      Civil No: 04-71278
                                      Honorable John C. O'Meara

v.

**BLAINE LAFLER,**

    Respondent.
_____

### OPINION & ORDER REGARDING PETITIONER'S MOTIONS FOR: RECONSIDERATION, EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL, ORAL ARGUMENT & TO SHOW CAUSE

**I. Introduction**

This is a habeas case under 28 U.S.C. §2254. Henry Hill, Jr. (hereinafter, "Petitioner"), filed a *pro se* request for Writ of Habeas Corpus in an effort to challenge his state court conviction for first-degree murder in violation of MCL §750.316. Rather than file a responsive pleading, Respondent filed a Motion to Dismiss claiming that Petitioner's request for habeas relief should be barred based upon statute of limitations grounds. On September 28, 2005, the Court entered a judgment granting Respondent's motion to dismiss Petitioner's habeas claims. On March 1, 2007, Petitioner filed the following motions: (1) "Motion for Evidentiary Hearing;" (2) "Motion to Appoint Counsel;" (3) "Motion for Order to Show Cause;" and (4) "Motion to Amend - Motion for Reconsideration." On April 5, 2007, Petitioner filed another "Motion for Oral Argument." On April 20, 2007, Petitioner filed a "Motion to Amend Motion for Oral Argument" and another "Motion for Oral Argument." On April 25, 2007, Petitioner filed another motion for appointment of counsel. Respondent has not filed answers to any of the above referenced motions.

Upon review of the pleadings, the Court will address and deny each of Petitioner's motions.

## II. Law & Analysis

### A. Motion for Reconsideration

Petitioner titles this motion " Motion to Amend - Motion for Reconsideration." The Court will address this motion strictly as a reconsideration motion. Petitioner's motion does not indicate what pleading he is seeking to amend, nor does it discuss amending any pleadings he has filed with the court. According to E.D. Mich. LR 7.1(g)(1), "[a] motion for . . . reconsideration must be filed within 10 days after entry of the judgment or order." Additionally, "[m]otion[s] for reconsideration may be granted pursuant to E.D. Mich. L.R. 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Department of Treasury v. Michalec,* 181 F.Supp.2d 731, 734 (E.D. Mich. 2002). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. L.R. 7.1(g)(3).

Upon review of Petitioner's reconsideration motion, the Court denies relief for two reasons. First, Petitioner waited almost two years after his case was dismissed to file the pending reconsideration motion. This motion is clearly untimely pursuant to E.D. Mich. L.R. 7.1(g)(1). Second, even if Petitioner's reconsideration motion would have been filed in a timely manner, the Court does not find a "palpable defect" in its decision to dismiss this matter on statute of limitations grounds. Petitioner reiterates the arguments made in his original habeas petition about new evidence in the form of an affidavit from a trial court witness, Deborah Siler, recanting her

2

testimony, and his claim of actual innocence. The Court considered and addressed these issues in its order of dismissal. Petitioner has presented no new arguments to justify reconsideration of the Court's final judgment dismissing this action as time barred. Therefore, reconsideration of this Court's September 28, 2005 opinion and order is not warranted.

### B. Motion for Evidentiary Hearing

Petitioner requests that the Court conduct an evidentiary hearing on his new evidence and actual innocence claims. Petitioner also seeks an evidentiary hearing relative to his trial counsel's ineffective assistance. He asserts that his trial attorney should have known that Deborah Siler was not being truthful during her trial testimony and should have investigated the matter. In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules governing Section 2254 Proceedings in United States District Court, 28 U.S.C. foll.§2254; and (2) whether a hearing is permitted under 28 U.S.C. §2254(e)(2).

The statutory language provides: "[i]f the applicant has failed to develop the factual basis of the claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless the applicant shows that . . . the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts under-lying the claim to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2254(e)(2) & B. In making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing

3

would be meaningful, in that a new hearing would have the potential to advance the Petitioner's claim." *Campbell v. Vaughn,* 209 F.3d 280, 287 (3d Cir. 2000).

Here, upon review of the record, Petitioner fails to meet the evidentiary hearing requirements. First, under Rule 8, even if an evidentiary hearing is conducted relative to Deborah Siler's recanted testimony and Petitioner's actual innocence claim, Petitioner would not be entitled to federal habeas relief, nor would there be any potential for the advancement of his claim as his habeas petition is time-barred. Second, Petitioner failed to develop a factual basis relative to his ineffective assistance of counsel claim, as this particular claim of ineffective assistance of counsel is being raised for the first time in this habeas proceeding. Finally, the facts do not indicate that any of the above referenced exceptions apply to the circumstances in this case.

Therefore, an evidentiary hearing is not necessary or required in this case.

**C. Motions for Appointment of Counsel**

Petitioner is seeking the appointment of counsel so that he may have professional legal assistance in the handling of his reconsideration and evidentiary hearing proceedings. Petitioner contends that his indigency is the tangible basis for his appointment of counsel request. The Court will deny Petitioner's request for two reasons. First, since the Court has denied Petitioner's reconsideration and evidentiary hearing motions, Petitioner's reason for requesting counsel is moot. See 18 U.S.C. §3006A(a)(2) (1988); Rule 8(c), Rules Governing Section 2254 Cases (The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires.)

Second, indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The appointment of counsel is

4

within the discretion of the Court and is required only if, given the difficulty of the case and petitioner's ability: (1) the petitioner could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986). Based upon the factual circumstances in this case, it would not be an abuse of discretion to deny Petitioner's request for appointment of counsel. The habeas petition at issue is time-barred and appointing counsel will not change that fact. Accordingly, Petitioner's request for appointment of counsel is denied.

### D. Motions for Oral Argument

Petitioner filed a "Motion to Request Oral Argument" and a "Motion to Amend Motion for Oral Argument." Both motions address the identical issue of whether oral argument is necessary in order to assist the Court in making a determination at an evidentiary hearing or a reconsideration motion hearing regarding Petitioner's actual innocence based upon newly discovered evidence, i.e., Deborah Siler's affidavit recanting her trial testimony. The Court will grant Petitioner's "Motion to Amend Motion for Oral Argument," however, his request for oral argument is denied for two reasons. First, granting oral argument would be moot in light of the Court's ruling denying Petitioner's request for an evidentiary hearing and for reconsideration of this Court's order of judgment. Second, even if the motion was not moot, the Court finds that "the facts and legal arguments [were] adequately presented in the briefs and the record, and the decisional process would not [have been] significantly aided by oral argument. See Fed. R. App. P 34(a)(2)(C).

### E. Motion to Show Cause

Petitioner filed a "Motion for Order to Show Cause" "why the relief sought in the attached Motion to Amend Motion for Oral Argument should not be granted." Mo. for Show Cause, pg. 1.

5

This one sentence statement is the entire sum and substance of Petitioner's show cause motion. For the reasons set forth above, Petitioner's request for relief in the form of oral argument to address Petitioner's actual innocence claim is properly denied.

### III. Conclusion

IT IS HEREBY ORDERED that Petitioner's "Motion for Evidentiary Hearing"**[Docket No: 42-1, filed March 1, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Appoint Counsel"**[Docket No: 43-1, filed March 1, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Order to Show Cause"**[Docket No: 45-1, filed March 1, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend - Motion for Reconsideration"**[Docket No: 46-1, filed March 1, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Oral Argument"**[Docket No: 50-1, filed April 5, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend Motion for Oral Argument" **[Docket No: 51-1, filed April 20, 2007]** is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Oral Argument" **[Docket No: 52-1, filed April 20, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Request for Appointment of Counsel" **[Docket No: 53-1, filed April 25, 2007]** is **DENIED.**

s/John Corbett O'Meara<br>United States District Judge

Date: March 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 14, 2008, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager