UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, Jr.,

    Petitioner,                                 Case No. 2:04-cv-71278
v.                                           HONORABLE JOHN CORBETT O'MEARA
                                               UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO FILE AN APPEAL**

      Henry Hill, Jr., ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for first-degree murder, M.C.L.A. 750.316; and felony-firearm, M.C.L.A. 750.227b. On September 28, 2005, the Court denied the petition on the ground that it was barred by the statute of limitations contained in 28 U.S.C. § 2244(d). On March 14, 2008, the Court denied several post-judgment motions filed by petitioner. *See Hill v. Lafler*, No. CIV. 04-71278, 2008 WL 718176 (E.D. Mich. Mar. 14, 2008).

      Petitioner has filed a motion to file a notice of appeal, in which he requests an extension of time to file an appeal from the denial of his habeas petition and the denial of his post-judgment motions with the Sixth Circuit. For the reasons that follow, the motion to file a notice of appeal is DENIED.

      Petitioner requests an extension of time to file his notice of appeal, claiming that

1

his legal materials were confiscated by the prison staff at the Thumb Correctional Facility on April 10, 2008 and returned to him on April 15, 2008, preventing him from filing a timely notice of appeal.

Petitioner filed his notice of appeal on April 16, 2008. The United States Court of Appeals for the Sixth Circuit issued a show cause order why petitioner's appeal should not be dismissed for being untimely filed. Petitioner filed a response with that court on May 21, 2008, stating that his notice of appeal was late because his legal documents had been confiscated by a prison guard. On June 16, 2008, the Sixth Circuit rejected petitioner's argument and dismissed his appeal as untimely, finding that petitioner failed to file a motion for an extension of time to appeal with this Court by May 14, 2008, as required by Fed. R. App. P. 4(a)(5). *See Hill v. Lafler,* No. 08-1533 (6th Cir. June 16, 2008).

In his current motion, petitioner asks this Court to grant him an extension of time to file an appeal, making the same arguments that he presented to the Sixth Circuit.

This Court is without power to grant petitioner an extension of time to appeal because the Sixth Circuit has already determined that his notice of appeal was untimely filed. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984). Because petitioner's motion for an extension of

time to file an appeal was filed with this Court after the Sixth Circuit dismissed his appeal as untimely, that prior determination is binding under the law of the case doctrine and cannot not be revisited here. *Gibbs v. Thaler*, 459 F. App'x 336, 337 (5th Cir. 2012).

Accordingly, the Court **ORDERS** that Motion to File Notice of Appeal [Dkt. # 61] is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: September 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 2, 2015, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager